UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| MELVIN CURTIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 16-291-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER DAVIS, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Plaintiff Melvin Curtis has filed a renewed motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(b). [Record No. 9] The Court will grant the request on the terms established by this statutory section. Because Curtis will be granted *pauper* status, the separate $50.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

Curtis has filed a first amended complaint in which he asserts a claim against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80. [Record No. 4] The Clerk of the Court, therefore, will be directed to add the United States as a defendant in this action.

The Court conducts an initial review of the plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. Curtis alleges that he injured his rotator cuff while exercising on December 13, 2014, but that medical staff at USP-McCreary denied his repeated requests that a MRI be performed and also failed to give him medication adequate to address his pain.

[Record No. 1 at 2-5] Curtis was transferred from USP-McCreary to FCI-Gilmer in West Virginia in mid-April 2015.

Curtis alleges that, in late April 2015, Dr. Anderson concluded that a MRI should be performed, although that request was not approved and the MRI performed until November 2015. According to Curtis, an outside orthopedic surgeon later evaluated the MRI and concluded that surgery to address the injury was no longer a viable option. [Record No. 1 at 5-7] Curtis states that he exhausted his administrative remedies with respect to his *Bivens* claims, *id*. at 4, but did not attach to his complaint any documentation from the grievance process. The BOP denied his FTCA claim on December 7, 2016. [Record No. 4-1 at 1]

Having reviewed Curtis' claims, the Court concludes that the defendants should be served with process so that they may file a responsive pleading. However, three of the named defendants – Health Service Administrator ("HSA") Michael Weaver, Asst. HSA Rebecca Grove, and Dr. Eddie Anderson – are BOP employees working at FCI-Gilmer in West Virginia, and the conduct which forms the basis for Curtis' claims against them occurred in that state, not in Kentucky. When a federal court's subject matter jurisdiction is predicated upon the existence of a federal question, the court possesses personal jurisdiction over a defendant only if: (1) the defendant is amenable to service of process under the forum state's long-arm statute and (2) the exercise of personal jurisdiction would not deny the defendant due process. *Community Trust Bancorp, Inc. v. Community Trust Financial Corp.*, 692 F. 3d 469, 471 (6th Cir. 2012). Neither requirement is satisfied here.

Because the reach of Kentucky's long-arm statute is not co-extensive with the limits of federal due process, the actions of the defendants which provided the basis for Curtis' cause

of action must fit within one of the enumerated categories set forth in K.R.S. § 454.210(2)(a). *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011). None of those categories apply because the three defendants are located in West Virginia and the conduct Curtis complains of occurred within that state. There is simply no relationship between Curtis' claims against them and Kentucky. Further, the exercise of personal jurisdiction over nonresident defendants for claims arising from their acts done outside of and unrelated to this jurisdiction would be inconsistent with the principles of federal due process. Cf. *Cardona v. Bledsoe*, 596 F. App'x 64, 66 (3d Cir. 2015); *Gowadia v. Stearns*, 596 F. App'x 667, 669 (10th Cir. 2014); *Durham v. Hood*, 412 F. App'x 127, 130 (10th Cir. 2011); *Swanson v. City of Hammond, Ind.*, 411 F. App'x 913, 916 (7th Cir. 2011). In short, the Court lacks personal jurisdiction over these defendants.

The ordinary remedy under such circumstances would be to dismiss the claims against the nonresident defendants without prejudice. But here, the events in question occurred in 2015, raising the possibility that the statute of limitations could have expired after this action was filed. To avoid any limitations concerns, the Court will sever the claims against the non-resident defendants and transfer them to the appropriate judicial district pursuant to 28 U.S.C. §§ 1631, 1404. See *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F. 3d 94, 110 (3d Cir. 2009). Regrettably, this severance will result in the same type of claim arising from similar (but distinct) facts being litigated against separate defendants in separate courts, an admittedly inconvenient and likely more expensive outcome. Such factors must be considered, *In re: Rolls Royce Corp.*, 775 F.3d 671, 680-81 (5th Cir. 2014), but this Court

lacks the personal jurisdiction necessary to adjudicate claims against the West Virginia defendants, and the converse is equally true, leaving no viable alternative.

The federal judicial district encompassing FCI-Gilmer is the United States District Court for the Northern District of West Virginia, 28 U.S.C. § 129(a), and the claims against these defendants will be transferred to that Court. Because Curtis has asserted his FTCA claim in this Court and because venue appears proper under 28 U.S.C. § 1402(b), the Court will retain jurisdiction over this claim against the United States.

Because the Court has granted Curtis *pauper* status, the Clerk's Office and the United States Marshals Service ("USMS") will serve the remaining defendants with summons and copy of the complaint on his behalf. Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d). Accordingly, it is hereby

**ORDERED** as follows:

1. Curtis's motion to proceed *in forma pauperis* [Record No. 9] is **GRANTED**.

2. Within twenty-eight days, Curtis must pay **$21.76** to the Clerk of the Court as an initial partial filing fee. 28 U.S.C. § 1915(b)(1)(A). If he fails to pay this sum within the time directed, he will be required to show cause why this action should not be dismissed for failure to make timely payment.

3. The Clerk of the Court shall open an account in Curtis' name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form (Form EDKY 525) with: (a) Curtis's name; (b) his inmate registration number; and (c) this case number. The Clerk shall serve a copy of this Order and the Notice of Payment Form upon the Jailer/Warden of the institution in which Curtis is currently confined.

4. After the initial partial filing fee is paid, each month Curtis' custodian shall send the Clerk of the Court a payment in an amount equal to 20% of his income for the preceding month out of his inmate trust fund account, but only if the amount in the account exceeds $10.00. The custodian shall continue such monthly payments until the entire $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2).

5. The Clerk of the Court shall add the United States of America as a defendant in this action.

6. Curtis' claims against defendants HSA Michael Weaver, Asst. HSA Rebecca Grove, and Dr. Eddie Anderson are severed from this action.

7. The Clerk of the Court shall open a new civil action filed by Curtis against defendants Weaver, Grove, and Anderson; shall file a copy Curtis' complaint [Record No. 1] as the initiating document in that action, as well as a copy of this Order. Defendants Weaver, Grove, and Anderson shall be terminated as defendants in this action.

8. The Clerk of the Court shall transfer the new civil action to the United States District Court for the Northern District of West Virginia.

9. The Deputy Clerk shall prepare a "Service Packet" for Defendants R.N. Aimee Phillips, P.A. Christopher Davis, D.O. Jude Onuoha, HSA Jones, Clinical Director Rios, and the United States of America. Each Service Packet shall include:

a. a completed summons form;

b. the original and amended complaints [Record Nos. 1, 4];

c. this Order; and

d. a completed USM Form 285.

10. The Deputy Clerk shall deliver the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery on the docket.

11. The USMS shall serve the United States of America by sending a Service Packet by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky and to the Office of the Attorney General of the United States in Washington, D.C.

12. The USMS shall serve the Federal Bureau of Prisons by sending a Service Packet by certified or registered mail to: (A) the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky; (B) the Office of the Attorney General of the United States in Washington, D.C.; and (C) the Central Office of the Federal Bureau of Prisons in Washington, D.C.

13. The USMS shall personally serve defendants R.N. Aimee Phillips, P.A. Christopher Davis, D.O. Jude Onuoha, HSA Jones, and Clinical Director Rios at USP-McCreary in Pine Knot, Kentucky through arrangement with the Federal Bureau of Prisons.

14. Curtis must immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**.

15. If Curtis wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Curtis files must include a written certification that he has mailed a copy of it to the defendants or their counsel and state the date of mailing. **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

This 7th day of February, 2017.




**Signed By:**

***Danny C. Reeves*** DCR

**United States District Judge**